UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:19-cr-0052-JMS-MJD |
| | ) | |
| JASON TWOMBLY, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Presently pending before the Court is Defendant Jason Twombly's "Motion to Suppress Stop of Defendant and Seizure of Firearm; and, for Hearing on Motion to Suppress." [Filing No. 36.] Mr. Twombly has been indicted for one count of unlawful possession of a firearm by a convicted felon, [Filing No. 13], and the trial in this matter is set for April 13, 2020 [Filing No. 37]. Mr. Twombly seeks to suppress the evidence obtained after what he contends was an unlawful search and seizure in violation of his Fourth Amendment rights. [Filing No. 36 at 6.] As detailed herein, the Court **DENIES** Mr. Twombly's Motion to Suppress and his request for a hearing on this matter.

## I.
### REQUEST FOR EVIDENTIARY HEARING

Mr. Twombly argues that an evidentiary hearing is necessary to decide whether Officer Broader of the Indianapolis Metropolitan Police Department ("IMPD") acted unconstitutionally in his arrest and search of Mr. Twombly. [Filing No. 36 at 9.] In furtherance of that argument, Mr. Twombly asks the following four open-ended questions:

> 1. Did Jason Twombly do anything illegal during Officer Broader's pre-arrest investigation of him?

1

> 2. Did officer Broader have reasonable suspicion and/or probable cause to investigate Jason Twombly?
>
> 3. Were Officer Broader's actions in this investigation legal or illegal, i.e. were his actions more than done on a "hunch" and more than a mere "fishing expedition?"
>
> 4. If Officer Broader's actions in this investigation were illegal, were they so purposeful or flagrant that they violated Twombly's Fourth Amendment rights?

[Filing No. 36 at 6.] Mr. Twombly argues that, "without [the] benefit of hearing from Officer Broader including his examination and cross-examination," it is impossible to tell whether Officer Broader violated the Fourth Amendment. [Filing No. 36 at 9.]

The Government responds that an evidentiary hearing is unnecessary because Mr. Twombly failed to make a *prima facie* showing that Officer Broader acted illegally, and a "vague claim that illegal conduct may have occurred is insufficient" to justify a hearing. [Filing No. 38 at 4.] The Government then argues that if the Court finds Mr. Twombly has made a *prima facie* showing of illegality, an evidentiary hearing is still unnecessary because Officer Broader acted legally throughout the stop. [Filing No. 38 at 4-5.]

Mr. Twombly's request for an evidentiary hearing does not satisfy the standard necessary to receive one. The Court is required to conduct an evidentiary hearing only when the Defendant's claims "are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004); *see also United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011) (holding that district courts are required to conduct hearings on motions to suppress "only when a substantial

claim is presented and there are disputed issues of material fact that will affect the outcome of the motion."). Further, the Court in *Villegas* found that "[b]ecause the purpose of an evidentiary hearing is to resolve material factual disputes among the parties, a hearing is not required in the absence of such disputes." *Id.*

Mr. Twombly did not present sufficiently "definite, specific, non-conjectural and detailed enough" claims for the Court to conclude a substantial issue exists to merit a hearing. Instead, Mr. Twombly raised four purportedly unanswered questions to claim that "it is not possible to tell whether Officer Broader's investigation in Twombly's case was illegal." [Filing 36 at 9.] However, Mr. Twombly has failed offer any evidence to demonstrate or to even identify any material factual disputes that would change the resolution of any of these questions. Indeed, he listed many of the material facts and expressly acknowledged that they are "probably without dispute." [Filing No. 36 at 5.] Because there are no disputed issues of material fact, an evidentiary hearing is unnecessary. Furthermore, as discussed further below, Mr. Twombly does not present any specific facts that would demonstrate that his Fourth Amendment rights were violated. Accordingly, the Court **DENIES** Mr. Twombly's request for a hearing.

## II.
### MERITS OF THE MOTION TO SUPPRESS

### A. Factual Background

The Court relies on the version of the facts presented in the Affidavit in support of Application for Criminal Complaint, [Filing No. 2]. To the extent that the parties offer additional facts in their briefs, as noted above, such facts are not materially disputed. Nonetheless, the Court will credit Mr. Twombly's version because, as explained below, those facts do not warrant suppression.

On February 2, 2019, Officer Broader stopped at the Speedway gas station in Indianapolis, Indiana to fuel his patrol vehicle. [Filing No. 36 at 2.] Officer Broader noticed five men dressed in red outside of the Shell gas station across the street. [Filing No. 36 at 2.] As Officer Broader watched, these men entered and exited the gas station, and circled the building. [Filing No. 36 at 2.] Due to a recent increase in business robberies in the area, Officer Broader found this behavior suspicious. [Filing No. 36 at 3.]

Officer Broader then responded to an unrelated dispatch call and left the area. [Filing No. 36 at 3.] He returned after twenty minutes and found two of the five men he had previously seen sitting in front of the Shell gas station. [Filing No. 36 at 3.] The other three men were walking south towards the Shell gas station from a liquor store across the street. [Filing No. 36 at 3.]

Officer Broader entered the Shell gas station to speak to the clerk, who stated that he wanted the men to leave. [Filing No. 2 at 3.] Officer Broader approached the two remaining men and informed them that the gas station clerk wanted them to leave. [Filing No. 36 at 3.] He also asked for their identification. [Filing No. 2 at 3.] Both men produced identification, and one of them was identified as Mr. Twombly. [Filing No. 2 at 3.] Officer Broader ran an IMPD records check and found that Mr. Twombly had a parole warrant out for his arrest. [Filing No. 2 at 3.]

After confirming the warrant, Officer Broader arrested Mr. Twombly and conducted a search incident to the arrest. [Filing No. 2 at 3.] Mr. Twombly was wearing a large, heavy black bag strapped across his chest. [Filing No. 2 at 3.] The bag contained a loaded 12-gauge Savage Arms sawed-off shotgun and additional rounds. [Filing No. 2 at 3.]

**B. Discussion**

Mr. Twombly moves to suppress the firearm recovered during the search incident to arrest. Through the questions listed above, Mr. Twombly argues that Officer Broader acted

unconstitutionally in his initial investigation of, subsequent interaction with, and eventual arrest and search of Mr. Twombly. [1]

The Government argues that the motion to suppress should be denied because Mr. Twombly failed to make a *prima facie* showing of an unconstitutional stop. [Filing No. 38 at 4.] The Government illustrates this by answering the four rhetorical questions asked by Mr. Twombly. [Filing No. 38 at 4-5.] First, the Government responds that police investigations need not be predicated on illicit behavior and therefore whether Mr. Twombly's behavior was illegal is irrelevant. Even so, the Government argues, the answer is yes because Mr. Twombly was loitering in violation of Marion County Code of Ordinances § 407-103. [Filing No. 38 at 5-7.] Second, the Government argues that Officer Broader had reasonable suspicion throughout the encounter. [Filing No. 38 at 7.] The Government maintains that the combination of the matching red clothing, and the behavior of the five men walking in, out, and around the gas station informed by the recent increase in business robberies in the area created reasonable suspicion. [Filing No. 38 at 7-8.] Third, the Government contends that Officer Broader acted legally because it is in the job description of police officers to investigate suspicious activity. [Filing No. 38 at 8.] And fourth, the Government reasons that since Officer Broader acted legally, Mr. Twombly's Fourth Amendment rights are not implicated here. [Filing No. 38 at 9.]

---

[1] Mr. Twombly also attempts to distinguish this case from *Utah v. Strieff*, 136 S. Ct. 2056 (2016), arguing that the evidence recovered from Mr. Twombly cannot fall under the attenuation doctrine exception to the exclusionary rule because Officer Broader's actions were "purposeful or flagrant." [Filing No. 36 at 8.] The attenuation doctrine does not apply here because Officer Broader's initial stop of Mr. Twombly was constitutional. At any rate, if the Court had found that Officer Broader's stop was unconstitutional, Mr. Twombly has not articulated any basis for finding that Officer Broader's actions were purposeful or flagrant, and the majority opinion in *Strieff* would support the Court's denial of Mr. Twombly's Motion to Suppress. *See* 136 S.Ct. at 2063 (holding that "the evidence discovered on [Defendant]'s person was admissible because the unlawful stop was sufficiently attenuated by the pre-existing arrest warrant.").

The exclusionary rule exists to rectify and deter unconstitutional police action by disallowing "primary evidence obtained as a direct result of an *illegal search and seizure*." *Segura v. United States*, 104 S. Ct. 3380 (1984) (emphasis added). When motions to suppress are considered, the movant "bears the burden of making a *prima facie* showing of illegality." *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992).

The Fourth Amendment protects the privacy of all individuals against unreasonable searches and seizures. U.S. Const. amend IV. The Seventh Circuit has outlined three categories of police stops and their respective requirements under the Fourth Amendment:

> The first category is an arrest, for which the Fourth Amendment requires that police have probable cause to believe a person has committed or is committing a crime. The second category is an investigatory stop, which is limited to a brief, non-intrusive detention. This is also a Fourth Amendment "seizure," but the officer need only have specific and articulable facts sufficient to give rise to a reasonable suspicion that a person has committed or is committing a crime. The third category involves no restraint on the citizen's liberty, and is characterized by an officer seeking the citizen's voluntary cooperation through non-coercive questioning. This is not a seizure within the meaning of the Fourth Amendment.

*United States v. Shields*, 789 F.3d 733, 743 (7th Cir. 2015) (citing *United States v. Johnson*, 910 F.2d 1506, 1508 (7th Cir. 1990)).

A seizure occurs—and, therefore, the Fourth Amendment is implicated—"if, in view of all the circumstances surrounding the incident, a reasonable person would not believe that he was free to leave." *Shields*, 789 F.3d at 743. Circumstances that the Court must consider in determining whether a seizure occurred include, among others: (1) whether the encounter occurred in a public place; (2) whether the individual consented to speaking with the police; (3) whether the officer informed the individual that he was not under arrest and was free to leave or indicated that the person was suspected of a crime; and (4) whether there was a threatening presence of several officers and a display of weapons or physical force. *Id.*

6

Mr. Twombly failed to show there was any illegality during his encounter with Officer Broader. Officer Broader, already on high alert due to increased robberies in the area, relied on "specific, articulable facts" (collection of five men each wearing red; unusual movement in, out, and around the gas station; two men remaining outside the gas station for over twenty minutes; the gas station clerk's desire for them to leave) giving rise to "reasonable suspicion" that the men had committed or were committing a crime. *See id.*

Even if the undisputed facts did not support such a conclusion, Officer Broader did not need reasonable suspicion, because the encounter between Officer Broader and Mr. Twombly was consensual and not a seizure within the meaning of the Fourth Amendment. Officer Broader approached Mr. Twombly and the other man and asked them on behalf of the gas station clerk to leave the area. This is not a seizure because there was "no restraint on [Mr. Twombly's] liberty;" in fact, Officer Broader was telling Mr. Twombly to leave, and three of Mr. Twombly's companions had already vacated the area. *See id.* Although Officer Broader was in uniform, a reasonable person in Mr. Twombly's situation, considering Officer Broader's instruction and the departure of Mr. Twombly's companions, would think themselves free to terminate the encounter. *See id.* Furthermore, Officer Broader's request for identification did not transform the encounter into a seizure. *Florida v. Bostick*, 501 U.S. 429, 437 (1991) ("As we have explained, no seizure occurs when police . . . ask to examine [an] individual's identification, . . . so long as the officers do not convey a message that compliance with their request[] is required."); *United States v. Wade*, 400 F.3d 1019, 1022 (7th Cir. 2005) (stating that "requests for identification do not imply detention").

Because Mr. Twombly voluntarily provided his identification to Officer Broader during a consensual encounter, and because Mr. Twombly does not contest that the IMPD records search revealed that there was a valid warrant out for his arrest, he has not demonstrated that

7

either his arrest or the search incident to that arrest were unlawful. *See, e.g., United States v. Green*, 111 F.3d 515, 521 (7th Cir. 1997) (stating that an outstanding arrest warrant allows police to lawfully arrest an individual and search his person incident to that arrest). Accordingly, Mr. Twombly's Motion to Suppress is **DENIED**.

### III.
### CONCLUSION

Based on the foregoing, Mr. Twombly has not shown that the actions taken by Officer Broader in the investigation, encounter, execution of the parole warrant, and subsequent search incident to arrest violated Mr. Twombly's Fourth Amendment rights. Mr. Twombly's Motion to Suppress Stop of Defendant and Seizure of Firearm; and, For Hearing on Motion to Suppress, [36], is **DENIED.**


Date: 2/5/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only to all counsel of record**